UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

A.J. RINELLA & CO., INC.,
                              Plaintiff,

                                                              1:10-CV-0700
v.                                                            (GTS/RFT)

WOHRLE'S FOODS, INC.; and
WOHRLE'S INC.,
                              Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

OFFICE OF JOHN T. KEENAN, III                         JOHN T. KEENAN, III, ESQ.
   Counsel for Plaintiff
600 Broadway, 3d Floor
Albany, NY 12207

OFFICE OF JACK E. HOUGHTON, JR.                       JACK E. HOUGHTON, JR., ESQ.
   Counsel for Defendants
78 Bartlett Avenue
Pittsfield, MA 01201

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently before the Court, in this action filed by A.J. Rinella & Co., Inc. ("Plaintiff")

against Wohrle's Foods, Inc., and Wohrle's Inc. ("Defendants") asserting various claims

including a claim arising under the Perishable Agricultural Commodities Act ("PACA"), are

Defendants' two motions to dismiss Plaintiff's Complaint.  (Dkt. Nos. 11, 17.)  For the reasons

set forth below, both motions to dismiss are denied.  However, counsel are directed to participate

in a teleconference with the undersigned, during which they shall be heard as to whether they

would prefer a stay of this action or joinder of the bankruptcy Trustee in this action, and after

which the Court will issue a Decision and Order supplementing this Decision and Order.

I.      **RELEVANT BACKGROUND**

Because the parties have, in their motion papers, demonstrated an adequate

understanding of the procedural history of this action, the claims and factual allegations asserted

in Plaintiff's Complaint, the arguments asserted by the parties in their motion papers, and the

legal standards governing Defendants' motions and Plaintiff's claims, the Court will not recite

that information in this Decision and Order, which is intended primarily for the review of the

parties.

II.     **ANALYSIS**

A.      **Defendants' First Motion to Dismiss**

Defendants' first motion to dismiss is denied for each of the following two alternative

reasons.  First, under the circumstances, the Court finds that it cannot consider any of the

extrinsic documents that are offered by Defendants without converting their motion to dismiss

for failure to state a claim to a motion for summary judgment.  *Gasaway v. Williams*, 11-CV-

0549, 2012 WL 264611, at *4 & n.9 (N.D.N.Y. Jan. 30, 2012) (Suddaby, J.) (describing the

circumstances under which a court can consider documents outside the four corners of a

complaint, on a motion to dismiss for failure to state a claim).  The Court further finds that,

without the benefit of such extrinsic documents, Defendants' failure-to-state-a-claim argument

(which is based on those documents) fails.

The Court acknowledges that Plaintiff's Complaint references, and Defendants' motion

papers attach, three of the extrinsic documents in question: (1) Plaintiff's Complaint in

Intervention in the Massachusetts Case, (2) the 2009 Order in the Massachusetts Case, and (3)

the 2010 Order in the Massachusetts Case.  (Dkt. No. 1, at ¶¶ 23-24 [referencing those

documents]; Dkt. No. 1, Attach. 4-6 [attaching documents].)  The Court also acknowledges that,

in certain circumstances, it could take judicial notice of the other documents, because they are

accessible through the Federal Judiciary's Public Access to Court Electronic Records, or

"PACER," Service.

However, none of the extrinsic documents can be relied on if there exists material

disputed issues of fact as to the relevance of the documents.[1]  Here, Plaintiff reasonably argues

that none of those documents can be relied on to apply the doctrines of res judicata, collateral

estoppel, or judicial estoppel, because they are undermined by a Tolling Agreement (not on the

docket) entered into between Defendant Wohrles Foods, Inc. and Plaintiff on January 29, 2010.

(Dkt. No. 13, Attach. 2, at 7-10; Dkt. No. 12, at ¶¶ 3-7; Dkt. No. 13, Attach. 1.)

Moreover, generally, a court may take such judicial notice only "for the factual

background of the case."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011);

*accord*, *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).  Here, such notice would be

taken for more than the *factual background* of the case–it would be taken for purpose of

*dismissing* the case based on the very documents.

---

[1]     *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("[E]ven if a document is 'integral' to the complaint, it must be clear on the record that . . . there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Houbigant, Inc. v. Development Specialists, Inc.*, 229 F. Supp.2d at 220 (declining to take judicial notice of documents on a motion to dismiss for failure to state a claim because there were "disputes as to the scope of the claims, settlements and orders issued in the Bankruptcy Court"); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Second, even if the Court could consider the extrinsic documents in question without converting Defendants' motion into one for motion for summary judgment, the Court would be unable to find, as a matter of law, that, based on Plaintiff's Complaint and those documents, Plaintiffs are precluded from asserting any of the claims in this action by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

Generally, the Court reaches this conclusion for the six reasons stated by Plaintiffs in their opposition memorandum of law: (1) it appears that the relevant decision in the 2010 Order in the Massachusetts Case was not "on the merits" for purposes of the doctrine of res judicata; (2) it appears that the relevant claim decided in the 2010 Order in the Massachusetts Case (regarding PACA) is not the same as the Second through Eleventh Causes of Action asserted in the current case; (3) it appears that there was no privity between any of the defendants in the Massachusetts Case and Defendant Wohrle, for purposes of the doctrine of res judicata; (4) it appears that there was no privity between any of the plaintiffs in the Massachusetts Case and Plaintiff, for purposes of the doctrine of res judicata; (5) it appears that Plaintiff did not have a "full and fair opportunity" to litigate the relevant issues, for purposes of the doctrine of collateral estoppel; and (6) it appears that the relevant issue involved in the Massachusetts Case (regarding a PACA claim) is not the same as the vast majority of issues involved in the current case. (Dkt. No. 13, Attach. 2, at 1-10.)

The Court would add only three points. With regard to the second and sixth arguments (which both stem from the fact that the claims and issues in the Massachusetts Case were largely, if not entirely, different from those in the current case), the Court notes that case law from district courts in the Second Circuit suggests that non-PACA claims are not barred

4

following the resolution of a PACA case.[2]  The Court notes also that, while it does not question

the authority of district courts to "so order" consent injunctions under PACA (e.g., requiring

non-parties, upon receiving due notice, to file timely complaints in intervention before the

PACA trust assets are fully distributed, or be thereafter barred from pursuing their PACA

claims), the Court perceives at least an issue to exist regarding whether such injunctions could,

under Fed. R. Civ. P. 65, bar non-PACA claims.[3]

---

[2]      *See D.M. Rothman Co., Inc v. Cohen Marketing Int'l, Inc.*, 98-CV-7905, 1999 WL 493419, at *2 (S.D.N.Y. July 9, 1999) (permitted a non-party to pursue its non-PACA claims against a defendant even though the non-party never intervened in the action pursuant to the action's consent injunction); *Basciani Foods, Inc. v. Mid Island Wholesale Fruit and Produce, Inc.*, 09-CV-4585, 2011 WL 17524, at *3 (E.D.N.Y Jan. 3, 2011) (permitting intervention by a third party, in PACA case, in order to enforce a preexisting judgment against the defendant not related to a PACA claim, even where consent injunction barred and/or stayed any other actions by, or on behalf of, the defendant's creditors).

[3]      *See Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13 (1945) ("The courts . . . may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudicated according to the law."); *Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 316 (1979) (holding that an injunction under Fed. R. Civ. Proc. 65[d] is valid only with regard to parties or those in active concert/participation with them); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999) (invalidating an injunction where the district court barred nonparty appellants from suing where they did not "aid or abet" the defendants in violating the injunction); *New York ex rel. Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996) (stating that the party seeking to enforce the injunction bears the burden of proving the third party is within the scope of the injunction and a court may not enjoin the world); *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 129 (2d Cir. 1979) (recognizing that courts may not enjoin the world at large); *Heyman v. Kline*, 444 F.2d 65, 65-66 (2d Cir. 1971) (noting that Fed. R. Civ. Proc. 65[d] "does not grant a court power so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to the law.") (internal quotations omitted); *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d. Cir. 1930) ("[N]o court can make a decree which will bind any one but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree.").

With regard to the fourth and fifth of the above-described grounds (which both stem from the fact that Plaintiff was never actually permitted to intervene under Fed. R. Civ. P. 24), the Court notes that (1) at the time, Plaintiff was appearing in the action *pro se* (having submitted its complaint in intervention *pro se*, and having had its lawyer's subsequent motion to appear on behalf of it *pro hac vice* denied), and (2) because *pro se* corporations lack the capacity to appear as parties in federal court,[4] they also lack the capacity to be bound as parties.[5]

Finally, with regard to the doctrine of judicial estoppel, it appears that the doctrine does not apply under the circumstances because, among other things, Defendants have failed to show that Plaintiff "succeeded previously" with any position that is directly inconsistent with the one is currently espousing. *S.E.C. v. Happ*, 392 F.3d 12, 20 (1st Cir. 2004); *see also Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (characterizing elements as including not simply party's "assert[ion]" of contrary position in prior action, but court's "adopt[ion]" of position in prior action). From what the Court can tell, Plaintiff succeeded in no respect in the Massachusetts Case (including its endeavor to become a party to that action).

For each of the three above-described alternative reasons, Defendants' motion is denied. The Court hastens to add that this decision is based on the four corners of Plaintiff's Complaint. In the event Defendants file a motion for summary judgment in this action, the Court is willing to revisit the parties' arguments regarding the various preclusion doctrines, based on a proper record and further briefing by the parties.

---

[4]        *See New York State Teamsters Conference Pension and Ret. Fund v. Comac Builders Supply Corp.*, 06-CV-0208, 2008 WL 150515, at *1-4 (N.D.N.Y. Jan. 14, 2008) (Scullin, J.) (reviewing relevant caselaw, and concluding that overwhelming weight of caselaw holds that a corporation may not appear in a lawsuit against it except through an attorney).

[5]        *See Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 191-93 (2d Cir. 2006) (holding that judgment against corporation was void, because it was based on stipulation of settlement signed by majority shareholder on corporation's behalf).

A.    **Defendants' Second Motion to Dismiss**

Defendants' second motion to dismiss is denied for each of the following two alternative reasons.  First, Defendants' second motion is procedurally improper.  Defendants' first and second motions to dismiss request the same form of relief–dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (*Compare* Dkt. No. 11, Attach. 2, at 8 [relying on Fed. R. Civ. P. 12(b)(6) standard] *with* Dkt. No. 17, Attach. 2, at 4-5 [relying predominantly on Fed. R. Civ. P. 12(b)(6) standard].)

Granted, Defendants' second motion is also based on Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 9(b).  However, the Court finds that Plaintiff's motion is based predominantly on Fed. R. Civ. P. 12(b)(6).  (*See generally* Dkt. No. 11, Attach. 2, at 4-20 [basing leading two arguments of lack of standing and preclusion by 11 U.S.C. § 362 on Fed. R. Civ. P. 12(b)(6)].)

Moreover, Defendants may respond that their second motion was prompted by the Court's Text Order of December 7, 2010, formally severing Defendant F.S. Whitney & Sons, Inc. as a party in this action, due to the voluntary petition that party filed in the United States Bankruptcy Court for the District Court of Massachusetts.  (Text Order filed Dec. 7, 2010.) However, Defendants had notice of that bankruptcy filing since at least October 5, 2010.  (Dkt. No. 15 [Suggestion of Bankruptcy, mailed by Defendants on Oct. 5, 2010.)

Rather than promptly seeking to leave of the Court to amend or supplement its original motion to dismiss to permit them to exceed the 25 page limitation on memoranda of law in support of such motions, Defendants appear to have used the change of presiding district judges as an opportunity to file a second motion to dismiss, thus increasing both the number and length of the briefs in this action.  (*Compare* Dkt. No. 16 [Order Reassigning Case, filed Dec. 15, 2010] *with* Dkt. No. 17 [Second Motion to Dismiss, filed Dec. 29, 2010].)  The Court finds that this

practice violates the page limitation on memoranda of law established by Local Rule 7.1.[6]

Second, even if the Court were to find that Defendants' second motion were procedurally proper, it would  deny that motion on the merits.  Defendants second motion requests the dismissal of Plaintiff's Complaint on four grounds: (1) the violation of the automatic stay imposed by 11 U.S.C. § 362; (2) a lack of standing under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 17(a); (3) a failure to join an indispensable party (the Trustee in the bankruptcy action) pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19; and (4) lack of particularity under Fed. R. Civ. P. 9(b) with regard to the claims of fraud.

Taking Defendants' last argument first, the Court rejects Defendants' lack-of-particularity argument for the reasons stated by Plaintiff in its in their opposition memorandum of law.  (Dkt. No. 19, Attach. 1, at 12-15.)  The Court would add only two points.

_____

[6]     *See IP Innovation LLC v. Vizio, Inc.*, 08-CV-0393, 2010 WL 2696110, at *1 (N.D. Ill. July 1, 2010) ("Federal Rule of Civil Procedure 56 does not provide a party with the opportunity to file a separate motion for summary judgment for each argument a party desires to present."); *DeSena v. Beekley Corp.*, 09-CV-0352, 2010 WL 1049873, at *1 (D. Me. March 17, 2010) ("Although, as the plaintiffs maintain, they may well have intended in filing six separate summary judgment motions to present segregable issues in an efficient manner rather than to skirt the page limitation of Local Rule 7(e), their approach violates the spirit, if not the substance, of that rule."); *BPI Energy, Inc. v. IEC (Montgomery), LLC*, 07-CV-0186, 2009 WL 3518154, at *1 (S.D. Ill. Oct. 28, 2009) ("Local Rule 7.1(d) allows a twenty double-spaced typewritten page limit for all briefs. Although a literal reading of the local rule does not specifically prohibit a party from filing more than one summary judgment motion, the rule also does not lend itself to the interpretation that a party may file one supporting brief per issue raised at the summary judgment stage of the proceedings."); *Walburn v. City of Naples, Fla.*, 04-CV-0194, 2005 WL 2322002, at *1, n.3 (M.D. Fla.  Sept. 22, 2005) ("This Court agrees with Plaintiff's statement in his response to Defendant's dual motions for summary judgment that the unusual bifurcated approach to summary judgment is confusing, and it manages to sidestep Rule 3.01(c) of the Local Rules of this District, which would limit a single memorandum to a length of twenty pages.") [internal quotation marks omitted]; *Paper, Allied Indus., Chem. and Energy Workers*, 03-CV-0225, 2004 WL 1484995, at *5, n.9 (D. Me. June 4, 2004) ("I also observe that by filing two motions instead of one, the Union has also violated, in spirit if not in substance, the 20-page limitation imposed by Local Rule 7."), *recommendation rejected in part on other grounds*, 2004 WL 2536811 (D. Me. Nov. 10, 2004).

This portion of Defendants' motion largely challenges Plaintiff's claims against F.S. Whitney and Peter Whitney. (Dkt. No. 17, Attach. 2, at 16-20.) F.S. Whitney and Peter Whitney have been severed from this action, and Plaintiff's claims against it stayed. As a result, the Court cannot, and will not, grant a motion dismissing those claims. Moreover, to the extent the motion challenges Plaintiff's claims against Defendants, either the motion overestimates the element of fraud present in those claims, or the motion fails to show that the element present in those claims has not been pled in accordance with Fed. R. Civ. P. 9(b).

For example, Defendants first argue that Plaintiff's "successor by merger" allegation (on which all of Plaintiff's claims against Defendants assertedly hinge) is, at its core, an allegation of fraud. (Dkt. No. 17, Attach. 2, at 16-17.) The Court cannot reach the same conclusion. (Dkt. No. 1, at ¶¶ 1, 12, 25, 26, 35, 55, 67, 72, 103 [alleging "merger" without alleging "fraud" or even a simple knowing misrepresentation of the truth].) The closest Plaintiff comes to making such a connection is when it alleges that the "acts and omissions" of F.S. Whitney and Peter Whitney (which merely *inured* to Defendants *due to the merger*) constitute unfair or deceptive acts and practices." (*Id*. at ¶ 75.) This is not enough to allege a fraudulent merger by Defendants.

Defendants next argue that Plaintiff's "successor by merger" allegation *could* turn on an allegation of fraud (pursuant to Massachusetts case law), but that Defendants cannot determine that fact because Plaintiff's Complaint is not particular enough. (*Id*. at 17-18.) If Defendants cannot determine whether Plaintiff's "successor by merger" allegation is based on fraud, a more appropriate remedy would be to move for a more definite statement under Fed. R. Civ. P. 12(e). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

With regard to Defendants' remaining three arguments (i.e., that the Court should dismiss Plaintiff's Complaint because of the automatic stay, a lack of standing, and a failure to join an indispensable party, the Court finds that each of those arguments for dismissal is without merit for the reasons stated by Plaintiff in its in their opposition memorandum of law.  (Dkt. No. 19, Attach. 1, at 2-12.)  However, the Court is concerned that certain of the causes of action asserted in Plaintiff's Complaint (e.g., the Eighth, Ninth and Tenth Causes of Action) could be partially or wholly derivative of claims possessed by the debtor in the bankruptcy action, F.S. Whitney & Sons, Inc.  (*Id*. at 5.)  Moreover, the Court finds persuasive certain alternative arguments made by Plaintiff in its opposition memorandum of law.  (*Id*. at 5, 10 [conceding that, while dismissal is not appropriate, either a stay of this action or joinder of the bankruptcy Trustee in this action may be appropriate].)  As a result, the Court has decided that either an Order staying this action or an Order joining the bankruptcy Trustee in this action is appropriate.  As a result, the Court is going to direct counsel to participate in a teleconference with the undersigned, during which they shall be heard as to which Order they prefer, and after which the Court will issue a Decision and Order supplementing this Decision and Order.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' two motions to dismiss (Dkt. Nos. 11, 17) are **DENIED**; and it is further

**ORDERED** that counsel are directed to appear at a pretrial conference with the undersigned on **MARCH 28, 2012 at 2:00 pm via telephone conference**, during which they shall be heard as to which Order they prefer (an Order staying this action or an Order joing the bankruptcy Trustee in this action), and after which the Court will issue a Decision and Order

supplementing this Decision and Order.  Plaintiff's counsel is directed to make arrangements for the telephone conference call and to contact chambers at (315) 234-8580 when all counsel are on the line.

Dated: February 28, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

11